## Refunds of State Taxes

WALTER E. ALESSANDRONI, Attorney General, September 13, 1965.—We have your request to be advised concerning certain questions that have arisen under Act No. 92, approved June 23, 1965, and effective July 1, 1965, further amending section 503 (a) and (b) of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §503 (a) (b).

Act No. 92 makes the following changes in section 503 (a) of The Fiscal Code:

"Section 503. Refunds of State Taxes, License Fees, Et Cetera.—The Board of Finance and Revenue shall have the power, and its duty shall be,

"(a) To hear and determine any petition for the refund of taxes, license fees, penalties, fines, bonuses or other moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled and, upon the allowance of any such petition, to refund such taxes, license fees, penalties, fines, bonuses

or other moneys, out of [any appropriation or appropriations made for the purpose] *the fund into which such taxes, license fees, penalties, fines, bonuses or other moneys were originally paid,* or to credit the account of the person, association, corporation, body politic, or public officer entitled to the refund. *So much of the proceeds of the various taxes, license fees, penalties, fines, bonuses or other moneys as shall be necessary for the payment of refunds out of the General or Special Funds shall be authorized by the Governor. . . ."*

Under this amendment, all cash refunds granted by the Board of Finance and Revenue will be payable, without any express appropriation, "out of the fund into which such taxes . . . were originally paid." The amendment further requires prior authorization by the Governor for the allocation of those proceeds of the various taxes, etc., necessary for the payment of refunds.

Act No. 92 was authorized under the amendment of November 7, 1961, to article III, sec. 16, of the Pennsylvania Constitution, which now permits cash refunds without legislative appropriation. However, that amendment was not selfexecuting as to refunds authorized under section 503 of The Fiscal Code. See Official Opinion No. 247 of the Department of Justice dated February 1, 1962, Cash Tax Refunds, 26 D. & C. 2d 377. Consequently, in order to authorize cash refunds under section 503, it became necessary to enact Act No. 92, effective July 1, 1965.

We shall answer your questions seriatim.

1. Is the authority of the Board of Finance and Revenue to grant cash refunds restricted to those cases where petitions for refund are filed that contain specific issues relating to taxes, license fees, penalties, fines, bonuses or other moneys paid to the Common-

wealth and to which the Commonwealth is not rightfully or equitably entitled? For example, is a taxpayer who made an overpayment due to a computation error in preparing its tax reports entitled to file a petition for refund for the purpose of obtaining a cash refund?

Section 503(a) of The Fiscal Code authorizes the Board of Finance and Revenue to hear and determine any petition for the refund of taxes, etc., or other moneys paid to the Commonwealth "and to which the Commonwealth is not rightfully or equitably entitled."

Nothing in the statutory language limits the refund powers of the board to those petitions which raise justiciable issues, but the board's jurisdiction extends to the refund of any money to which the Commonwealth is not entitled.

In our opinion, an overpayment of tax due to an error in computation or for any other reason would qualify for a cash refund under section 503 of The Fiscal Code.

2. Does the Board of Finance and Revenue have the discretionary power to either grant a cash refund to or credit the account of the person, association, corporation, body politic, or public officer entitled to the refund? This question becomes most important and pertinent in those situations where taxpayers, although entitled to the refunds are, however, indebted to the Commonwealth for other taxes.

The refund jurisdiction of the Board of Finance and Revenue as set forth in section 503(a) of The Fiscal Code is in the alternative, i.e., the board has the power either (a) to refund the taxes or other moneys in question out of the fund into which they were originally paid, or (b) to credit the account of the petitioner. It has been the historic policy of the Commonwealth not to pay out funds to persons or corporations which owe similar amounts to the Commonwealth, and the set-

off principle has frequently been applied in various areas of State government.

In the field of corporation taxes, no cash refunds should be granted where the taxpayer owes the Commonwealth taxes from some other year or in some other tax account. Working within this principle, the Board of Finance and Revenue should determine the extent of the proof to be furnished by the taxpayer or the taxing department of the nonexistence of outstanding debits of the taxpayer, before the board will grant a cash refund based upon the taxpayer's credits.

3. If a petition for refund does not specify whether the taxpayer desires a tax credit or refund, what action should be taken?

At present, on petitions for refunds of corporation taxes, the Board of Finance and Revenue grants credits only. Since most of those taxpayers continue to pay such taxes year after year, it would be advisable to continue the present practice of granting credits. However, where petitioner is seeking a refund of a nonrecurring tax (e.g. a decedent's estate claiming refund of inheritance taxes) the board should continue to grant cash refunds as heretofore.

4. If a petition for a cash refund is filed subsequent to payment but prior to settlement or resettlement by the Departments of Revenue and the Auditor General and the settlement or resettlement then results in a corporate tax credit in favor of the taxpayer, does the Board of Finance and Revenue have the jurisdiction to act on the petition when the only action would be to convert an existing tax credit to cash?

The Board of Finance and Revenue would have jurisdiction to act on petitions for refund where the only action would be to convert an existing tax credit to cash; but as noted supra, such jurisdiction should be exercised only in cases where there are no other debts

on the books of the Commonwealth against the same taxpayer.

5. Does the Board of Finance and Revenue in light of section 806 of The Fiscal Code have jurisdiction to entertain a petition for refund for interest paid on petitions for refund filed:

(a) Prior to July 1, 1965?

(b) Subsequent to July 1, 1965?

(c) Filed prior to July 1, 1965, and amended thereafter?

The jurisdiction of the board to entertain a petition for refund for interest in cases where the taxing departments have resettled interest under provisions of section 806 of The Fiscal Code, so that a credit results, is the same as the board's jurisdiction to refund the principal of tax for which the taxing departments have established an overpayment credit.

If the petition for refund requests a cash refund of such interest, the board would have jurisdiction to grant such a cash refund; however, if the petition did not request a cash refund, it could only be amended to do so within the statutory time limit for the initial filing of the petition.

6. Does Act No. 92 confer jurisdiction upon the Board of Finance and Revenue to issue cash refunds when a petition was filed prior to July 1, 1965?

Act No. 92 confers jurisdiction upon the board to issue cash refunds, effective July 1, 1965. If the board adopts the policy of making cash refunds only where requested, this policy would be applicable to refund petitions irrespective of when filed. As noted above, amendments to such petitions could be made only within the statutory period for the initial filing of a petition for refund.

7. Does the Board of Finance and Revenue have the power to grant a cash refund concerning refund cases

in which the board has already issued a determination but the tax credit issued has not been utilized, transferred or assigned?

The Board of Finance and Revenue should not grant a cash refund in refund cases in which the board has previously issued a tax credit. Although the present rules of the board permit applications for the rehearing of refund petitions within six months, a rehearing for the purpose of obtaining cash in lieu of a credit would be a substantial change in the petition, and would be subject to the limitations on amendments heretofore expressed.

8. When the Secretary of Revenue has certified to the Governor, through the Budget Secretary, the official estimate of revenue for a fund and the aggregate of the appropriations and executive authorizations plus or minus any surplus or deficit results in a fund having no unappropriated balance and further claims for refund are presented which total more than the sum already authorized for refunds, shall such additional claims for refund be held in abeyance until funds become available?

Act No. 92 requires that the amounts paid on cash refunds shall be authorized by the Governor. If the total amount of refund claims for cash exceeds the amount authorized by the Governor, it would be necessary to hold in abeyance such refund claims in excess of the authorized amounts until the Governor makes an additional authorization.

If the Governor should be of the opinion, based on fiscal information furnished him, that no additional funds would be available for such cash refunds, he would appropriately withhold any additional authorization until he was satisfied that a working balance had been restored to the fund in question. In the interim, the action of the board on cash refunds would necessarily be held in abeyance.